### 3433.   WALKER *v.* CITY OF ATLANTA.

The evidence is extremely weak and unsatisfactory, but this court can not say, as a matter of law, that the witness against the defendant committed perjury.

DECIDED NOVEMBER 7, 1911.

Certiorari; from Fulton superior court—Judge Bell. March 29, 1911.

*John A. Boykin,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

RUSSELL, J.  Tom Adams, a negro, who had been to the stockade three times, was employed by the city detective department to "turn up blind tigers." He was paid $2 a day, and spent the money faster than he made it. He went to a meat market where Briscoe Gaines was working, and offered to buy some liquor. Briscoe took the 50 cents offered, and went off and returned in about 15 minutes with a half pint of corn whisky, which he gave to Tom Adams. Adams, Briscoe, and several other negroes took a drink out of the bottle, and then Tom turned the bottle over to the detective, with the statement that he had bought the liquor from Briscoe Gaines. The detective then arrested Briscoe, who, after his arrest, stated that he had purchased the whisky from the defendant, Will Walker, paying him 40 cents therefor. Thereupon he was released. Will Walker was arrested, and charged with keeping intoxicating liquor on hand for the purpose of illegal sale. On the trial, in addition to the above facts, it appeared that Briscoe Gaines had been sent to the stockade seven times, and that, immediately after he reported to the detectives that he had purchased the whisky from the defendant at his home, a search was made of the home, but no liquor found there. The defendant denied selling the liquor, and claimed that he knew nothing about the transaction. The recorder imposed on him a fine of $100, or 30 days in the stockade.

It thus appears that the only evidence against the defendant is the testimony of a negro confessedly guilty himself (inasmuch as he admits he made a profit of 10 cents in the transaction), who, after he implicated the defendant, was sent to the stockade, and who had previously been sent to the stockade seven times. If we were jurors, charged with the sworn duty of acquitting unless satisfied to a moral certainty and beyond a reasonable doubt of the guilt of the accused, we would unhesitatingly return a Scotch verdict of "not proven." But we can not say the defendant has been illegally convicted. The recorder had the better opportunity of testing the credibility of the witness and of judging as to the truth of the transaction.                    *Judgment affirmed.*